### S. THOMAS *v.* THE STATE.

1. AN INDICTMENT is not vitiated by bad spelling.
2. INDICTMENT.—Being indicted for theft of a "gilding of bay color," the accused moved to quash the indictment on the ground, substantially, that there is no such thing or property as a *gilding*. But *held*, that the meaning is plain, and the accused could not have been misled by such a mistake in the spelling of the word *gelding*.

APPEAL from the District Court of Freestone. Tried below before the Hon. D. M. PRENDERGAST.

The opinion states the case.

*W. B. Robinson*, for the appellant. It has often been decided that the court cannot supply an omitted word, even if omitted by inadvertence; and, by a parity of reasoning, it cannot substitute one letter for another. *The State* v. *Huston*, 12 Texas, 245 ; *The State* v. *Williams*, 14 Texas, 126 ; *The State* v. *Hutchinson*, 26 Texas, 111 ; *The State* v. *Dougherty*, 30 Texas, 360 ; *Sparks* v. *The State*, 35 Texas, 349 ; *The State* v. *Davidson*, 36 Texas, 325 ; *Castello* v. *The State*, 35 Texas, 393 ; *Long* v. *The State*, 34 Texas, 566. A case reported in 49th Alabama quashes an indictment which spells malice *maice*. *Brown* v. *Marqueze*, 30 Texas, 77. In *The State* v. *Williamson*, 43 Texas, 500, the court decided that the omission of a single syllable would be fatal on a motion to quash. Gilding is not gelding, nor *idem sonans*. Bad spelling will vitiate an indictment if the meaning is thereby changed. *Earp* v. *The State*, 41 Texas, 487 ; *The State* v. *Wimberly*, 3 McCord, 190.

*H. H. Boone*, Attorney General, and *W. B. Dunham*, for the State.

White, J.    The principal point relied upon by appellant in this case is that the word gelding in the indictment is spelled with an "i," instead of an "e," which makes the animal stolen a gilding, instead of a gelding; and it is contended that there is no such offense known to the laws of this state as theft of a gilding.    A reference to Mr. Webster's Unabridged Dictionary shows the noun *gelding*, as used in our language, to be synonymous with the word *gilding* as used in the Danish language, and, in all probability, its meaning was derived from that word, which signifies a castrated animal, rather than from the word *gelding*, which is of Icelandish origin; and means castration.

The judge presiding in the lower court, modifying the defendant's bill of exceptions with reference to this matter, says : " The indictment showed a dot over the second letter in the word ' *gelding*,' but it did not appear whether it was placed there by accident, or intentionally, or whether it was a mere blot."    We think there can be no mistake as to what the grand jury meant when they said that a gilding of a bay color was stolen, and we scarcely think the defendant could have been misled as to what he was called upon to answer.    Bad spelling does not vitiate an indictment, even if the grand jury had spelled gelding with an "i."    *The State* v. *Earp*, 41 Texas, 487.

The other objections complained of are on a par with the one that we have already noticed, and may be characterized as hypercritical.    We see no error in the conduct of the trial in the lower court, and, the evidence being entirely sufficient to warrant the verdict and judgment, the same are in all things affirmed.

*Affirmed.*